IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY BEDZYK<br>5100 Harlem Road<br>Galena, OH 43021, | : <br><br>: | Case No. 2:19-cv-2436 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| NATIONWIDE MUTUAL INSURANCE<br>  COMPANY<br>One Nationwide Plaza<br>Columbus, OH  43215-2220, | :<br><br>: | Magistrate Judge_____ |
| and | : | **COMPLAINT** |
| BENEFITS ADMINISTRATIVE COMMITTEE<br>  OF THE NATIONWIDE RETIREMENT PLAN<br>One Nationwide Plaza<br>Columbus, OH  43215-2220, | :<br>:<br><br>: | |
| and | : | |
| NATIONWIDE RETIREMENT PLAN<br>One Nationwide Plaza<br>Columbus, OH  43215-2220, | :<br><br>: | |
| and | : | |
| FIDELITY INVESTMENTS INSTITUTIONAL<br>  OPERATIONS COMPANY, INC.<br>245 Summer Street<br>Boston, MA  02210, | :<br><br>:<br><br>: | |
| Defendants. | : | |

For her Complaint against the Defendants, Nationwide Mutual Insurance Company

("Nationwide"), the Benefits Administrative Committee of the Nationwide Retirement Plan (the

1

"Committee"), the Nationwide Retirement Plan ("NRP"), and Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"), the Plaintiff, Kimberly Bedzyk, states as follows:

## Parties

1. The Plaintiff, Kimberly Bedzyk, is a former employee of Nationwide and is a participant in the NRP.

2. Nationwide is the sponsor of the NRP and is a fiduciary of the NRP as those terms are defined at 29 U.S.C. §§1002 (16)(B) and (21).

3. The Committee is the duly designated administrator of the NRP and is a fiduciary of the NRP as those terms are defined at 29 U.S.C. §§1002 (16)(A) and (21).

4. The NRP is an employee pension benefit plan established and maintained in accordance with the provisions of ERISA.

5. Fidelity provides investment and administrative services to the NRP and is a fiduciary of the NRP as that term is defined at 29 U.S.C. §1002 (21).

## Jurisdiction and Venue

6. The Plaintiff's claims arise under ERISA. Jurisdiction is predicated upon 29 U.S.C. §1132.

7. The NRP is administered in Columbus, Ohio. Venue is proper in the Eastern Division of the Southern District of Ohio.

## Facts Common to All Claims

8. Kimberly Bedzyk first began working for Nationwide in 1992.

9. As a benefit of her employment with Nationwide, Bedzyk was a participant in the NRP.

10. The NRP is a defined benefit plan.  Unlike a defined contribution pension plan, where a participant's retirement benefit largely depends upon the amount of money contributed to the plan, and in which an individual account balance is maintained for every participant, a participant's monthly retirement benefit under the terms of a defined benefit plan like the NRP is determined by a formula which, in part, depends on certain actuarial assumptions that vary from time to time.

11. The NRP provides that the normal form of benefit available to participants is in the form of a monthly annuity, payable at age 65.  Alternatively, the NRP also permits a participant to obtain an actuarially-reduced early retirement benefit.

12. The amount of the monthly benefit, whether payable at normal retirement age or earlier, depends on a number of factors, including the participant's length of service, the participant's compensation, one or more of the benefit formulas set out within the text of the NRP, and the aforementioned actuarial assumptions.

13. The calculation of any individual participant's benefit is so complex that Nationwide typically does not make available to individual participants a complete text of the NRP.  Nationwide, through the NRP's summary plan description and through the information that Nationwide makes available to participants online, instead invites participants to call the Nationwide Retirement Center and provides a toll-free number for participants to do so.

14. In or about 2011, and continuing to the present time, Nationwide contracted with Fidelity to provide administrative services and an investment platform for the NRP.  As relevant to this case, Fidelity is responsible for communicating with NRP plan participants about their benefits, for accepting applications for benefits, for providing to participants, from time to time,

estimates of the amount of pension benefits payable under the terms of the NRP, for verifying that the estimates provided to participants are accurate, and for paying benefits to participants.

15. Fidelity carries out its communications obligations through an entity denominated the Nationwide Retirement Center. The Nationwide Retirement Center is not a distinct legal entity but is the name Nationwide and/or Fidelity have assigned to a business unit of Nationwide and/or Fidelity agents and employees who provide information, assistance and other services to NRP participants.

16. Bedzyk terminated her employment with Nationwide in 2009.

17. The NRP does not permit a lump sum or roll-over distribution for a participant who terminates employment prior to attaining retirement age. Bedzyk, therefore, was not entitled to take her pension benefit with her when she terminated employment.

18. Bedzyk first became eligible to receive an early retirement benefit on January 1, 2017. In mid-2017, Bedzyk contacted the Nationwide Retirement Center to inquire about early retirement.

19. Bedzyk's inquiry was driven by the financial needs of her family. She and her husband have six young children. Four of these children have special needs – hearing impaired, cerebral palsy, and two with significant heart defects. The children's needs are significant and Bedzyk's monthly outlay for therapies, surgeries, medications, tutors, and schools is substantial.

20. On August 18, 2017, in response to Bedzyk's inquiry, the Nationwide Retirement Center prepared and sent to Bedzyk a "Pension Benefit Modeling Statement."

21. The Modeling Statement informed Bedzyk that she would be entitled to receive, beginning on September 1, 2017, a benefit of $5,289.63 per month, payable as a single life annuity for life.

22. The Modeling Statement cautioned Bedzyk that "these benefit amounts are estimates based on information we have received from you and your employer. The benefit amounts shown may change once we confirm your final employment information."

23. Based on her understanding that her benefit would be $5,289.63, and in light of her family needs, Bedzyk followed the six-step process set out in the Modeling Statement to initiate her early retirement.

24. On October 12, 2017, the Nationwide Retirement Center issued to Bedzyk a "Final Statement of Pension Payment." The Statement informed Bedzyk that "her pension benefit is now complete" and confirmed that she was entitled to a monthly benefit of $5,289.63 per month. Bedzyk began receiving a monthly pension benefit shortly thereafter.

25. In mid-2018, again to meet the needs of their family, Bedzyk and her husband purchased a new home. The new home was more expensive than their existing home, but they used the $5,289.92 monthly benefit from NRP as part of the income calculation in determining that they could afford the more expensive house.

26. On December 31, 2018, Bedzyk detected what she believed to be an error in her bank account. In reviewing her account, she discovered that Fidelity had reduced Bedzyk's November and December pension payments by $1,617.40.

27. The reductions in Bedzyk's monthly benefit were initiated without notice to her and without explanation.

28. Subsequently Bedzyk learned that Fidelity had determined that the Nationwide Retirement Center had miscalculated her pension benefit, and that the proper amount of her monthly benefit was $3,672.23, rather than the $5,289.63 the Nationwide Retirement Center had originally determined.

29. Bedzyk also learned that Nationwide intended to recoup from Bedzyk an "overpayment," totaling $23,010.57, Bedzyk had purportedly received due to Nationwide's error.

30. On January 14, 2019, Bedzyk filed a claim with Alice Janecek, director of the Nationwide Retirement Programs.  Bedzyk sought relief from Nationwide's demand for recoupment and also requested that she be permitted to reconsider her decision to receive her benefit.

31. By letter dated February 5, 2019, Ms. Janecek refused both requests.

32. Bedzyk timely appealed to the Committee.

33. By letter dated February 21, 2019, the Committee denied Bedzyk's appeal.

## Count I – Equitable Estoppel

34. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

35. Bedzyk brings this claim under 29 U.S.C. 1132(a)(3) and seeks appropriate equitable relief.

36. Bedzyk contacted Nationwide, through the Nationwide Retirement Center, in 2017 to ascertain what her monthly benefit would be if she decided to begin drawing her pension from the NRP.

37. Nationwide, acting through the Nationwide Retirement Center, initially estimated – then later confirmed – that Bedzyk was entitled to a monthly benefit of $5,289.63, and it informed her of that fact in writing.

38. At the time Bedzyk contacted Nationwide, Nationwide alone possessed the knowledge necessary to calculate Bedzyk's pension benefit.  Nationwide alone understood the

formulas used in the NRP, which of the two available formulas applied to Bedzyk, the data applicable specifically to Bedzyk, and the actuarial assumptions applicable to Bedzyk's claim.

39. Thus, at the time Nationwide informed Bedzyk that her pension benefit would be $5,289.63, Nationwide alone was aware of all of the true facts that formed the basis for the pension calculation.

40. At the time Nationwide informed Bedzyk of its pension benefit determination, it understood and intended that she would rely on that determination in deciding whether to begin drawing her retirement benefit and in electing to do so.

41. Both at the time she requested information from Nationwide and again at the time she elected to begin receiving her pension benefit, Bedzyk was unaware of the basis for Nationwide's calculation of her pension benefit, nor did she have any way of determining whether Nationwide's calculation of her benefit was correct.

42. Bedzyk thus relied on Nationwide's calculation of her pension benefit when she decided to retire, and her reliance was reasonable.

43. Bedzyk is entitled to equitable relief in this case because Nationwide's calculation of Bedzyk's benefit was communicated to her in writing, because the NRP plan provisions are inscrutable to the average participant and do not allow for individual calculation of benefits, and because special circumstances exist that warrant the application of estoppel.

44. The special circumstances that exist in this case include, but are not limited to the following:

    a. Nationwide informed Bedzyk that her pension election, even though based on false and erroneous information, is irrevocable;

    b. Nationwide refused to waive Bedzyk's overpayment obligation, even though it had authority to do so under Rev. Proc. 2015-27, which permits a plan sponsor to reimburse an overpayment on behalf of a participant if the overpayment was not the fault of the participant;

    c. By failing to act under Rev. Proc. 2015-27, Nationwide favored its own financial interests over those of its participant;

    d. Bedzyk and her family have made substantial and irrevocable financial decisions in reasonable reliance on Nationwide's estimate of her pension.

45. As a remedy, Bedzyk seeks an order from the Court holding the NRP and its fiduciaries are equitably estopped from denying Bedzyk the monthly pension benefit she was promised.

46. In the alternative, Bedzyk seeks appropriate make-whole equitable relief including plan reformation, disgorgement, and the equitable remedy of surcharge.

## Count II – Breach of Fiduciary Duty

47. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

48. Bedzyk brings this claim under 29 U.S.C. 1132(a)(3) and seeks appropriate equitable relief.

49. Nationwide, the Committee, and Fidelity are all fiduciaries of the NRP with respect to the matters at issue in this case.

50. Although the Committee is identified as the plan administrator and named fiduciary of the NRP, Nationwide performs most of the fiduciary functions nominally assigned by the NRP to the Committee. Nationwide, therefore, is a fiduciary in its own right and also acts

as an agent on behalf of the Committee in the performance of many of the Committee's fiduciary obligations.

51. Either Nationwide, or the Committee, or both, have delegated to Fidelity the responsibility for providing pension information to participants and for otherwise satisfying the NRP administrator's fiduciary obligations to calculate benefits correctly and to communicate with plan participants about their benefits.

52. With respect to the calculation and communication matters at issue in this case, Fidelity acts as a fiduciary in its own right and as agent of Nationwide, the Committee, or both, with respect to those communication and calculation obligations.

53. The Committee has never formally delegated any of its fiduciary responsibilities to Nationwide or to Fidelity. The Committee, thus, remains liable for any breach of duty in its own right, as well as for breaches of duty by its agents, Nationwide and Fidelity.

54. Nationwide, the Committee and Fidelity, individually and together, provided incorrect information to Bedzyk about the amount of her monthly pension benefit, which Bedzyk then relied upon to make critical and irrevocable financial decisions.

55. In communicating with Bedzyk about her pension benefit, Nationwide, the Committee and Fidelity, were performing fiduciary functions, and in providing misinformation to Bedzyk, they breached fiduciary duties that they owed to her.

56. As a result of the breaches of fiduciary duty by Nationwide, the Committee and Fidelity, Bedzyk suffered damage.

57. As a remedy for these breaches of duty, Bedzyk seeks appropriate make-whole equitable relief including plan reformation, disgorgement, and the equitable remedy of surcharge.

WHEREFORE, the Plaintiff, Kimberly Bedzyk, demands judgment in her favor and against the Defendants, as follows:

A. A determination that Defendants are equitably estopped from paying Bedzyk a pension benefit in any amount less than $5,289.63 per month;

B. A determination that Defendants Nationwide, the Committee, and Fidelity breached their fiduciary duties and are liable to Bedzyk for the consequences of their breach;

C. Disgorgement of pension amount improperly withheld since November 2018;

D. Waiver of any claim for reimbursement of overpayment;

E. Such necessary and appropriate equitable relief as the Court finds necessary to effectuate its judgment and to make Bedzyk whole;

F. Prejudgment and post-judgment interest;

G. Attorney's fees and the costs of this action; and

H. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

/s/ Tony C. Merry
Tony C. Merry(0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff